UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY RUCANO,

                      Plaintiff,

      v.                                                                   9:16-CV-0438
                                                                               (GLS/ATB)

CARL J. KOENIGSMANN et al.,

                      Defendants.
_____

APPEARANCES:

ANTHONY RUCANO
11-A-0528
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

I.    **INTRODUCTION**

Pro se plaintiff Anthony Rucano commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision (DOCCS). By Decision and Order filed on May 23, 2016 (Dkt. No. 7) ("May Order"), this Court granted plaintiff's IFP application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. On the basis of that review, the Court dismissed the following claims with leave to amend: (1) Eighth Amendment claims against defendant Correction Officer Ramirez

("Ramirez"); (2) claims that Ramirez failed to investigate in violation of plaintiff's constitutional rights; (3) claims that Ramirez threatened plaintiff; (4) claims that Ramirez violated DOCCS Directives; and (5) supervisory claims against defendants Carl J. Koenigsmann ("Koenigsmann"), Mary D'Silva ("D'Silva"), and Jane Doe.[1]  *See* Dkt. No. 7 at 20-21.  The Court ordered defendants Excelsa Serabian ("Serabian") and Edward Marra ("Marra") to respond plaintiff's claim that they were deliberately indifferent to his medical/dental needs in violation of the Eighth Amendment.  *See id.* at 11-12.  The Court also directed defendants Superintendent Michael Kirkpatrick ("Kirkpatrick") and Health Services Director Vonda Johnson ("Johnson") to respond to plaintiff's supervisory claims.  *See id.* at 16-17.

In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint.  *See* Dkt. No. 7 at 20.  Presently before the Court is plaintiff's amended complaint.[2]  Dkt. No. 24 ("Am. Compl.").

## II.  LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915A(b) was discussed at length in the May Order and it will not be restated in this Decision and Order.  *See* Dkt. No. 7 at 2-4.  The Court will construe the allegations in plaintiff's amended complaint with the utmost leniency.  *See, e.g., Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

---

[1] Ramirez, Koenigsmann, D'Silva, and Jane Doe were dismissed as defendants in the action.  *See* Dkt. No. 7 at 21.  The amended complaint does not contain any allegations against these defendants.

[2] Defendants have not filed an answer to the original complaint and do not object to the filing of the amended complaint subject to the Court's review for sufficiency.  Dkt. No. 25.  Defendants' time to respond to the original complaint was stayed until further order of the Court.  Dkt. No. 26.

2

## III. SUMMARY OF AMENDED COMPLAINT[3]

The pleading reiterates the facts set forth in the original complaint related to plaintiff's Eighth Amendment medical claims against Serabian and Marra and plaintiff's supervisory claims against Kirkpatrick and Johnson. *See* Am. Compl., *generally*. The amended complaint includes new factual allegations related to plaintiff's medical treatment at Great Meadow Correctional Facility ("Great Meadow C.F."). Am. Compl. at 5. Plaintiff claims that Marra, a dentist at Clinton C.F., maintains an office at Great Meadow C.F. *Id*. at 3. On June 2, 2016, plaintiff was transferred to Great Meadow C.F. and immediately "dropped a slip" to the Dental Department requesting a visit. *Id*. Plaintiff did not receive a response. *Id*. On July 21, 2016, plaintiff sent another request to the Dental Department and forwarded a copy of the request to the Facility Dental Director.[4] Am. Compl. at 6, 13.

## IV. ANALYSIS

The law related to personal involvement and § 1983 actions was discussed in the May Order and will not be restated herein. *See* Dkt. No. 7 at 15-16. In the amended complaint, plaintiff attempts to assert new Eighth Amendment claims related to his lack of dental care at Great Meadow C.F. However, plaintiff did not identify the guards, officers, or staff at Great Meadow C.F. who allegedly ignored his requests for treatment. The amended complaint

---

[3] Plaintiff's original complaint included several exhibits. Dkt. No. 1-1. Plaintiff's amended complaint includes a supplementary exhibit and incorporates the previous exhibits by reference. *See* Dkt. No. 24-1 at 2. "Although it is well settled that an amended complaint supersedes a prior complaint in its entirety, it is clear to the court that plaintiff intended to attach the exhibits to his amended complaint." *Wellington v. Langendorf*, No. 12-CV-1019 (FJS/DEP), 2013 WL 3753978, at *3 (N.D.N.Y. July 15, 2013). To require plaintiff to file an amended complaint that includes the original exhibits is, "an unnecessary procedural hoop that would waste resources and delay resolution of this action." *Alexander v. U.S.*, No. 13-CV-678, 2013 WL 4014539, at *4 (N.D. Cal. Aug. 5, 2013). Because plaintiff is pro se, the Court will consider the exhibits and documentation attached to the original complaint as incorporated by reference in the amended complaint. *See Alvarado v. Ramineni*, No. 08-CV-1126 (TJM/GHL), 2011 WL 6937477, at *5, n.9 (N.D.N.Y. Dec. 6, 2011).

[4] The facility dental director is not identified by name or in any other manner.

3

does not contain any cause of action against any individual previously employed or currently employed at Great Meadow C.F. Plaintiff alleges that Kirkpatrick, Johnson, and Serabian are employees at Clinton C.F. and the amended complaint lacks any facts connecting these defendants to Great Meadow C.F. *See* Am. Compl. at 2-3. With respect to Marra, even assuming that Marra maintains an office at Great Meadow C.F., that fact alone is insufficient to establish personal involvement. *See* Am. Compl. at 3. Plaintiff does not assert any allegation against Marra related to his medical treatment at Great Meadow C.F. and the amended complaint lacks any facts suggesting that Marra was personally involved in any alleged constitutional violation at Great Meadow C.F.

As plaintiff has failed to plead facts suggesting how any of the named defendants were personally involved in any decisions related to his treatment at Great Meadow C.F., plaintiff's Eighth Amendment claims related to his medical treatment at Great Meadow C.F., against Kirkpatrick, Johnson, Serabian, and Marra are dismissed for failure to plead personal involvement pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).[5]

As a result of the review of the original complaint, the Court held that plaintiff's Eighth Amendment claims against Serabian and Marra required a response. The Court also directed Kirkpatrick and Johnson to respond to plaintiff's supervisory claims. These claims are repeated and realleged in the amended complaint and thus, survive review as well.

## V. CONCLUSION

---

[5] Plaintiff's request to "remove the dismissed defendants" is unnecessary. *See Hodges v. Retail Grocery Inventory Serv.*, No. 01-1197, 2002 WL 1397173, at *1 (W.D.Tenn. Jan. 10, 2002) (denying a motion seeking to amend a complaint to delete allegations or defendants who have already been dismissed from the action); *see also Thomas v. Robles*, No. 09-CV-0443, 2009 WL 3817009, at *1 (E.D. Cal. Nov. 13, 2009) (advising that a proposed complaint that seeks only to "clean up" the original complaint to include claims that the court found cognizable is unnecessary).

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 24) together with the supporting exhibits (Dkt. No. 1-1) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court is directed to create a new docket entry for the amended complaint; and it is further

**ORDERED** that plaintiff's Eighth Amendment claims related to his dental/medical treatment at Great Meadow C.F. are **DISMISSED**; and it is further

**ORDERED** that the Clerk shall issue a summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the remaining defendants. The Clerk shall forward a copy of the summonses and amended complaint to the Office of the New York Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the amended complaint be filed by defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be**

5

**stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

    **ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

September 15, 2016
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge