UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY RUCANO,

                      Plaintiff,

         v.                                   9:16-CV-0438
                                                       (MAD/ATB)

KOENIGSMANN; et al.,

                      Defendants.

---

APPEARANCES:                                      OF COUNSEL:

ANTHONY RUCANO
Plaintiff, pro se
11-A-0528
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. ERIC T. SCHNEIDERMAN         CHRISTOPHER J. HUMMEL, ESQ.
New York Attorney General                Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    Introduction**

Plaintiff pro se Anthony Rucano commenced this civil rights action asserting claims for the violation of his constitutional rights arising at Clinton Correctional Facility ("Clinton C.F."). *See* Dkt. No. 28 ("Am. Compl."). In a Decision and Order filed May 23, 2016 (the "May Order"), the Court granted plaintiff's application for in forma pauperis status and, based upon a review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A,

directed defendants Excelsa Serabian ("Serabian") and Edward Marra ("Marra"), dentists at Clinton C.F., to respond to plaintiff's Eighth Amendment claims. *See* Dkt. No. 7 at 11-12. The Court also directed defendants Michael Kirkpatrick ("Kirkpatrick"), the Superintendent at Clinton C.F., and Vonda Johnson ("Johnson"), the Facility Health Services Director at Clinton C.F., to respond to plaintiff's supervisory claims. *See id.* at 16-17. Plaintiff's supervisory claims against defendant Carl Koenigsmann ("Koenigsmann") were dismissed without prejudice. *See id.* at 17-18.

On August 1, 2016, plaintiff filed an amended complaint attempting to assert new claims related to his dental treatment at Great Meadow Correctional Facility ("Great Meadow C.F."). *See* Dkt. No. 24. In a Decision and Order filed September 15, 2016 (the "September Order"), the Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 27. The Court dismissed plaintiff's claims related to his dental care at Great Meadow C.F. because plaintiff failed to identify the guards, officers, or staff who allegedly ignored his requests for dental treatment. *See id.* at 3. Plaintiff's claims against Serabian, Marra, Kirkpatrick, and Johnson were repeated in the amended complaint and thus, defendants were directed to respond to the amended complaint. *See id.* at 4. The amended complaint was accepted for filing (Dkt. No. 28) and deemed the operative pleading. *See* Dkt. No. 27 at 5.

On September 27, 2016, an answer to the amended complaint was filed on behalf of defendants. Dkt. No. 30. On September 28, 2016, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. Dkt. No. 31.[1]

---

[1] The discovery completion deadline is set for March 28, 2017 and dispositive motions are due May 29, 2017. Dkt. No. 31.

Presently before the Court for consideration is plaintiff's motion for leave to file a second amended complaint and a motion for a *Valentin* Order. Dkt. Nos. 33, 34. Defendants oppose plaintiff's motions. Dkt. No. 36.

**II.     Motion to Amend**

**A.      Legal Standard**

The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15. Rule 15(a) states that leave to amend shall be freely given "when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993). The Supreme Court has stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be "freely given."

*Foman*, 371 U.S. at 182. An amendment or supplementation of a pleading is considered a "futile" act when the proposed claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). The decision to grant or deny a motion to amend or supplement is committed to the sound discretion of the trial court, and the court's decision is not subject to review on appeal except for abuse of discretion. *See Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007).

In the case of proposed amendments where new defendants are to be added, the Court must also look to Rules 20 and 21. *Ward v. LeClaire*, No. 07-CV-0026 (LEK/RFT), 2008 WL 182206, at *3 (N.D.N.Y. Sept. 26, 2007) (citing *United States v. Chilstead Bldg. Co.*,

No. 96-CV-0641 (N.D.N.Y. Nov. 7, 1997) (McAvoy, C.J.)). Rule 21 states that a party may be added to an action "at any time [and] on just terms." Fed. R. Civ. P. 21. Rule 21 is "intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." *Goston v. Potter*, No. 9:08-CV-0478 (FJS/ATB), 2010 WL 4774238, at *5 (N.D.N.Y. Sept. 21, 2010) (quoting *United States v. Commercial Bank of N. Am.*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotations marks omitted)).[2] Rule 20(a)(2) is liberally construed "so as to promote judicial economy and to allow related claims to be tried within a single proceeding." *Equal Emp't Opportunity Comm'n v. Nichols Gas & Oil, Inc.*, 518 F. Supp. 2d 505, 508-09 (W.D.N.Y. 2007) (citing, inter alia, *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970)).

**B.      Plaintiff's Motion and Defendants' Opposition**

Plaintiff has submitted a proposed second amended complaint in support of his motion to amend. *See* Dkt. No. 33. Plaintiff asserts a new Eighth Amendment claim against Johnson alleging that she was deliberately indifferent to his serious medical needs when she made medical decisions based upon non-medical factors. *See* Dkt. No. 33 at 13. Specifically, plaintiff claims that Johnson failed to provide a manufacturer designed humidifier attachment for plaintiff's CPAP machine, based upon financial considerations. *See id.* Plaintiff also names Koenigsmann, John Doe #1 ("Doe #1), the Facility Health Services

---

[2] "Rule 21 cannot be read alone but must be read in the light of Rules 18, 19 and 20[.]" *Commercial Bank of N. Am,*, 31 F.R.D. at 135. In this respect, the federal rules state, in part, that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

4

Director at Upstate Correctional Facility ("Upstate C.F."), and John Doe #2 ("Doe #2"), the Facility Health Services Director at Great Meadow C.F. as additional defendants. *See* Dkt. No. 33, *generally*. Plaintiff alleges that Koenigsmann, Doe #1, and Doe #2 had knowledge of the constitutional violations related to plaintiff's medical and dental treatment at Upstate C.F. and Great Meadow C.F. and failed to take remedial measures. *See id.* at 9, 13-14. The proposed second amended complaint also restates the Eighth Amendment claims against defendants Serabian and Marra and the supervisory claims against Kirkpatrick and Johnson which survived sua sponte review.

Defendants oppose the motion on the ground that the proposed amendments are unrelated to the original claims and defendants. Dkt. No. 36 at 2. Defendants contend that the motion should be denied because plaintiff seeks to add claims concerning unrelated medical issues, defendants, and facilities. *See id.*

**C.     Discussion**

Pursuant to the Mandatory Pretrial Discovery and Scheduling Order, any application to amend pleadings "shall be filed on or before January 30, 2017." *See* Dkt. No. 31. The Court has thoroughly reviewed the proposed pleading and finds that the claims asserted are sufficiently related to the original claims, defendants, and complaint. *See Keith v. Volpe*, 858 F.2d 267, 474 (9th Cir. 1988) (holding that "[w]hile some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction."). It does not appear to this Court that plaintiff has delayed unduly in bringing his motion, the requested amendments do not significantly change the theory of the case, and the Court is not persuaded that resolution of this matter will be significantly delayed by the filing of the amended pleading. With that in mind, the Court will review plaintiff's

5

proposed second amended complaint thoroughly, with due regard for his status as a pro se litigant.[3]

### 1.     Analysis of Proposed Second Amended Complaint

In the second amended complaint, plaintiff repeats the facts related to his dental issues with Serabian and Marra from May 2015 through November 2015 at Clinton C.F. *See* Dkt. No. 33 at 3-5. In November 2015, plaintiff was treated by a "CPAP specialist." *Id.* at 6. The specialist advised that he previously ordered a humidifier attachment for plaintiff's CPAP machine to address plaintiff's "severe dry mouth." *Id.* at 6. The attachment was shipped to Clinton C.F. in October 2015. Dkt. No. 33-1 at 24. On January 18, 2016, plaintiff wrote to Johnson complaining that he had not yet received the attachment. *Id.*

On January 20, 2016, plaintiff received a water basin and extra hose for his CPAP machine and was told it was the attachment. Dkt. No. 33 at 6. Plaintiff attempted to attach the hose to his device but his condition did not improve. *Id.* Plaintiff still woke up every hour with severe dry mouth. *Id.* Plaintiff consulted his manufacturer's manual and realized that the attachment was not approved or authorized for use with his device. *Id.*

On March 1, 2016, plaintiff was transferred to Upstate C.F. Dkt. No. 33 at 6. On March 29, 2016, plaintiff wrote to the "Dental Dept. of Upstate" requesting that they address his dental issues. *Id.* On April 27, 2016 and April 28, 2016, plaintiff wrote to Koenigsmann and the "Facility Health Services Director ("FHSD") - Upstate Correctional Facility" (Doe #1). Dkt. No. 33 at 6; Dkt. No. 33-1 at 26-29. Plaintiff claimed that he received a "passive humidifier" that was not designed for use with his "Phillips Remstar Auto CPAP" machine.

---

[3] The legal standard governing the dismissal of a pleading for failure to state a claim was discussed at length in the May Order and it will not be restated in this Decision and Order. *See* Dkt. No. 7 at 2-4.

6

Dkt. No. 33-1 at 26. Plaintiff requested an appointment with his sleep apnea specialist to properly configure his machine. *Id.* Plaintiff also advised that he had not received a response to his request for dental treatment. Dkt. No. 33-1 at 26.

On May 11, 2016, plaintiff submitted a sick call request for a humidifier for his CPAP machine. Dkt. No. 33-1 at 31. On the same day, plaintiff sent a letter to Koenigsmann and Doe #1 claiming that Johnson provided a "non-approved water container alleged to be a humidifier" that served no purpose when attached to his CPAP machine. Dkt. No. 33 at 7; Dkt. No. 33-1 at 33-34.

On June 2, 2016, plaintiff was transferred to Great Meadow C.F. Dkt. No. 33 at 7. On September 6, 2016 and September 28, 2016, plaintiff wrote to the Facility Health Services Director - Great Meadow C.F. (Doe #2) and Koenigsmann regarding his sleep apnea and reiterated his request for an approved attachment for his CPAP machine. *Id.* at 7-8; Dkt. No. 33-1 at 41-44. Plaintiff also advised that since being transferred to Great Meadow C.F., he made multiple requests for dental treatment but had not received an appointment. Dkt. No. 33-1 at 41.

On October 3, 2016, plaintiff received a "call out" for a dental appointment but was not released from his cell and was prevented from attending. Dkt. No. 33 at 8. On the same day, plaintiff wrote a letter to Doe #2 informing him that his cell was not opened. *Id.*; Dkt. No. 33-1 at 53. Plaintiff asked for another appointment. *Id.* On October 3, 2016, plaintiff received a letter from William S. Dawson, D.D.S., Acting Director of Correctional Dental Services ("Dawson")[4], dated September 19, 2016, in response to plaintiff's "recent correspondence regarding dental care at Great Meadow Correctional Facility." Dkt. No. 33-1 at 55. Dawson

---

[4] Dawson is not a defendant herein.

7

advised that he contacted dental staff at Great Meadow and was told that plaintiff was scheduled to see a provider. Dkt. No. 33-1 at 55.

The proposed second amended complaint contains the following new causes of action: (1) Eighth Amendment claim against Johnson for deliberate indifference to plaintiff's serious medical needs; and (2) supervisory claims against Koenigsmann, Doe #1, and Doe #2. *See* Dkt. No. 33, generally.

### a. New Claim Against Johnson

The law related to Eighth Amendment claims for medical indifference was discussed in the May Order and will not be restated herein. *See* Dkt. No. 7 at 9-11. The proposed second amended complaint contains a new cause of action against Johnson for deliberate indifference based upon her consideration of non-medical factors. *See* Dkt. No. 33 at 13. Specifically, plaintiff claims that Johnson violated his Eighth Amendment rights when she approved an order for a humidifier attachment not recommended by the manufacturer, based upon financial reasons. *See id.*

Even assuming plaintiff suffered from a serious medical need, the subjective analysis of the Eighth Amendment test rests on whether Johnson acted with a culpable state of mind. Plaintiff does not contend that he was denied medical treatment for his sleep apnea. Rather, plaintiff takes issue with the propriety of attachments issued for his CPAP machine. Plaintiff alleges that Johnson failed to provide manufacturer "approved or authorized" attachment parts due to financial considerations and thus, was deliberately indifferent to his medical needs. The Court disagrees.

"The deliberate indifference standard . . . does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by

8

most non-prisoners in our society."  *Morris v. Livingston*, 739 F.3d 740, 748 (5th Cir.) *cert. denied*, 134 S.Ct. 2734, 189 L.Ed.2d 772 (2014) (citations and quotation marks omitted). While a "calculus of risk and costs" may amount to malpractice, it does not constitute deliberate indifference sufficient for an Eighth Amendment violation.  *See Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 2000).  Here, plaintiff was treated by a "CPAP specialist," he had a CPAP machine, and he received a water basin and extra hose.  *See* Dkt. No. 33 at 6. Nothing in the proposed pleading suggests that Johnson, or any other defendant, was deliberately indifferent to plaintiff's complaints.  Moreover, even assuming plaintiff's condition was worsening based upon the failure to provide a manufacturer approved attachment, plaintiff has not plead facts establishing that Johnson was aware that plaintiff's condition was worsening and deliberately ignored plaintiff's complaints.  "At most, [plaintiff] states a claim for negligence or medical malpractice, which, [ ], does not constitute deliberate indifference." *Ward v. Fisher*, 616 F. App'x 680, 684 (5th Cir. 2015) (dismissing the plaintiff's Eighth Amendment claim based upon the assertion that medical personnel discontinued his medication due solely to cost).

Accordingly, plaintiff's deliberate indifference claim against Johnson based upon her failure to provide a manufacturer approved humidifier are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**b.     Supervisory Claims**

The law related to supervisory liability was discussed in the May Order and will not be restated herein.  *See* Dkt. No. 7 at 15-16.

### i.     Claims Against Koenigsmann Related to Clinton C.F.

In the May Order, the Court dismissed plaintiff's supervisory claims against Koenigsmann related to his dental issues at Clinton C.F. holding:

> . . . the complaint lacks any facts suggesting how Koenigsmann and D'Silva were on notice that any subordinate was engaged in unconstitutional behavior. *See Poe v. Leonard*, 282 F.3d 123, 141 (2d Cir. 2002). Plaintiff does not allege that he wrote, complained, or spoke to Koenigsmann or D'Silva, at any time, regarding his dental issues. Indeed, other than identifying Koenigsmann and D'Silva in the caption and as parties to the action, the body of the complaint does not contain any facts related to any specific allegations of wrongdoing by these defendants. *See Cipriani v. Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, \*1 (N.D.N.Y. Feb.20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted); *see also Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at \*6 (E.D.N.Y. Oct. 23, 2014) (finding that plaintiff failed to plead personal involvement in any of constitutional deprivations where the defendant was not mentioned or referenced in the body of the complaint).

Dkt. No. 7 at 18.

Despite being afforded an opportunity to file an amended complaint, plaintiff has failed to assert a viable cause of action against Koenigsmann related to his dental issues at Clinton C.F. In the proposed second amended complaint, plaintiff claims that he wrote five letters to Koenigsmann regarding his dental issues at Upstate C.F., dental issues at Great Meadow C.F., and sleep apnea. *See* Dkt. No. 33 at 6-8. Plaintiff annexed copies of his letters as exhibits to the proposed second amended complaint. *See* Dkt. No. 33-1 at 26-27; 29; 33-34; 41-42; 44. However, these letters do not address plaintiff's dental issues at Clinton C.F. and at the time plaintiff wrote the letters, plaintiff was not confined at Clinton C.F. The deficiencies in plaintiff's supervisory claims against Koenigsmann related to Clinton C.F. set forth in his original complaint and identified by the court in its decisions, have not been cured

10

with the proposed second amended complaint. Thus, to the extent that plaintiff is attempting to revive his supervisory claims against Koenigsmann related to Clinton C.F., those claims are dismissed.

### ii. Sleep Apnea

As discussed *supra*, plaintiff failed to sufficiently allege any constitutional violation related to his sleep apnea. Thus, plaintiff's supervisory claims based upon his sleep apnea must be dismissed. *See Toole v. Connell*, No. 04-CV-0724 (LEK/DEP), 2008 WL 4186334, at *7 (N.D.N.Y. Sept. 10, 2008) (finding that plaintiff's claims did not rise to the level of a constitutional significance, thus, "[i]t logically follows, based upon that finding, that neither could the defendants now accused of failing to investigate and remediate that conduct, already found not actionable."); *see also Linares v. Mahunik*, No. 05-CV-625 (GLS/RFT), 2006 WL 2595200, at *11 (N.D.N.Y. Sept. 11, 2006) (dismissing supervisory liability as there was "no wrong for [the supervisor] to remedy since there is no constitutional violation.").

### iii. Dental Issues

In plaintiff's April 27, 2016 letter to Koenigsmann and Doe #1, plaintiff complained that his request for a dental appointment at Upstate C.F. was ignored. Dkt. No. 33-1 at 26. In plaintiff's September 6, 2016 letter to Koenigsmann and Doe #2, plaintiff advised that he made multiple requests for an appointment with the dental clinic at Great Meadow C.F., but had not received an appointment. Dkt. No. 33-1 at 41. Plaintiff claims that defendants were aware that he was not receiving adequate dental treatment and failed to rectify the situation. *See* Dkt. No. 33 at 9, 13, 14.

In the September Order, the Court dismissed plaintiff's Eighth Amendment claims related to his dental treatment at Great Meadow C.F. holding:

11

> The law related to personal involvement and § 1983 actions was discussed in the May Order and will not be restated herein. *See* Dkt. No. 7 at 15-16. In the amended complaint, plaintiff attempts to assert new Eighth Amendment claims related to his lack of dental care at Great Meadow C.F. However, plaintiff did not identify the guards, officers, or staff at Great Meadow C.F. who allegedly ignored his requests for treatment. The amended complaint does not contain any cause of action against any individual previously employed or currently employed at Great Meadow C.F. Plaintiff alleges that Kirkpatrick, Johnson, and Serabian are employees at Clinton C.F. and the amended complaint lacks any facts connecting these defendants to Great Meadow C.F. *See* Am. Compl. at 2-3.

Dkt. No. 27 at 3-4.

In the proposed second amended complaint, plaintiff does not allege facts suggesting that Koenigsmann, Doe #1, or Doe #2 were personally involved in the decisions related to his dental treatment at Upstate C.F. or Great Meadow C.F. Plaintiff failed to identify any defendant or individual personally involved in plaintiff's dental treatment at Upstate C.F. or Great Meadow C.F. Plaintiff alleges that his requests for dental treatment were ignored but the proposed second amended complaint lacks facts establishing to whom he requested treatment, how many times he sought treatment, and defendants' response, if any, to his requests and complaints. *See Kee v. Hasty*, No. 01 Civ. 2123, 2004 WL 807071, at *29 (S.D.N.Y. April 14, 2004) (holding that the plaintiff's Eighth Amendment claims were overly conclusory because the inmate failed to specify the dates on which he was denied proper treatment, the nature of his needs on those dates, and the nature of the treatment that was purportedly denied by the defendants). Moreover, the proposed pleading lacks facts suggesting that any individual was deliberately indifferent to plaintiff's medical needs. With respect to his dental treatment at Great Meadow C.F., plaintiff concedes that he was

12

scheduled for a dental appointment on October 3, 2016 but that the "company officer" refused to open his cell. *See* Dkt. No. 33-1 at 53.

As discussed *supra*, because plaintiff has failed to allege an underlying constitutional violation by a subordinate, his supervisory claims against Koenigsmann, Doe #1, and Doe #2 related to his dental treatment at Upstate C.F. and Great Meadow C.F. must be dismissed.

### III. Motion for *Valentin* Order

Plaintiff moves for a *Valentin* Order directing the defendants to identify defendants John Doe #1 and John Doe #2. *See* Dkt. No. 34-1. "It is not uncommon for a pro se plaintiff to include a 'John Doe' or other unknown defendants, together with named defendants in a complaint." *Reed v. Doe No. 1*, No. 9:11-CV-0250 (TJM/DEP), 2012 WL 4486086, at *9 (N.D.N.Y. July 26, 2012). "Generally, when a pro se plaintiff includes Doe defendants with named defendants, the complaint is served upon the named defendants, and the plaintiff pursues discovery to identify the Doe defendant." *Reed v Doe No. 1*, No. 9:11-CV-0250 (TJM/DEP), 2013 WL 5441503, at *8 (N.D.N.Y. Sept. 27, 2013) (citing *Peralta v. Doe*, No. 04-CV-6559, 2005 WL 357358, at *2 (W.D.N.Y. Jan. 24, 2005)). A pro se litigant is entitled to assistance from the district court in identifying defendants, especially when plaintiff is incarcerated and "may pursue any course that it deems appropriate to a further inquiry into the identity" of unknown defendants. *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997).

In this instance, plaintiff has identified defendants, an answer to plaintiff's amended complaint was filed, and a discovery order has been issued. As discussed supra, plaintiff's claims against Doe #1 and Doe #2 are dismissed for failure to state a claim. Thus, plaintiff's motion for a *Valentin* Order directing defendants to identify unnamed defendants is denied as moot.

13

**IV.    Conclusion**

Based upon the foregoing, and with due regard for plaintiff's status as a pro se litigant, the Court denies plaintiff's motion to amend as futile. The amended complaint (Dkt. No. 28) remains the operative pleading.

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's motion for permission to amend (Dkt. No. 33) is **DENIED**; and it is further

**ORDERED**, that plaintiff's motion for a *Valentin* Order (Dkt. No. 34) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 30, 2016
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge