UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY RUCANO,

                          Plaintiff,

    vs.                                                        9:16-CV-438
                                                               (MAD/ATB)

MICHAEL KIRKPATRICK, et al.,

                          Defendants.

---

ANTHONY RUCANO, Plaintiff pro se
CHRISTOPHER J. HUMMEL, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

**DECISION and ORDER**

Presently before the court is plaintiff's motion to "Employ Dental Expert." (Dkt. No. 123). The motion papers also contain a "Memorandum of Law in Support of Motion for the Assignment of Counsel." (Dkt. No. 123 at CM/ECF pp.5-9). This court will consider plaintiff's motions together.

**I.**     <u>**Expert Witness**</u>

In this civil rights amended complaint, plaintiff alleges that he was denied constitutionally adequate dental care. (Dkt. No. 92).[1] In his motion requesting the appointment of a dental expert, plaintiff argues that he will "suffer prejudice in presenting his claims fully without the services of an expert dental witness to assist [him] with the technical medical and dental aspects of [his] claims . . . ." (Dkt. No. 123

---

[1] The operative complaint in this action is plaintiff's fourth amended complaint. (Dkt. No. 92).

at 2).[2] Plaintiff has already consulted a proposed expert witness, who has told plaintiff that he is "all booked up" at this time, but plaintiff hopes to contact this individual "once [he has] a more substantive timeline [sic] for a trial of this matter." (Dkt. No. 123 at 3). Plaintiff has attached a note from the proposed expert which states that "[a]t present all my available time is completely booked up. Sorry I will not be able to take on your case at the present time." (Dkt. No. 123 at 4). Appointment of this expert would clearly be inappropriate at this time because the expert has already declined to take plaintiff's case. It is also unclear when the expert would be available, or whether the individual would take plaintiff's case if he were available.

With respect to an expert witnesses in general, the court notes that in plaintiff's filing order, the court specifically stated that "[a]lthough his IFP Application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees." (Dkt. No. 7 at 19 n.8). Thus, even though a pro se plaintiff has been granted IFP, he or she would still be responsible for witness expenses, including expert witness fees. Plaintiff would be free to hire and pay an expert witness in that instance.

Notwithstanding the above statement, if pro bono counsel is appointed in a case, the Northern District of New York maintains a Pro Bono Fund which provides, upon application by the attorney, reimbursement to the attorney for certain expenses, which could include the cost of necessary expert witnesses. Local Rules NDNY 83(g). Such funds are available only through pro bono counsel, and may not be expended if an

---

[2] The court will cite to the pages of plaintiff's document as assigned by the court's electronic filing system - CM/ECF.

attorney is not appointed to the case. The court will now turn to plaintiff's motion for appointment of counsel.

## II. Appointment of Counsel

### A. Legal Standards

There is no *right* to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Section 1915 provides that a court **may** request an attorney to represent anyone who is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d at 172-73.

In *Terminate Control Corp. v. Horowitz*, the Second Circuit listed the factors that a court must consider in making the determination of whether to appoint counsel. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. *Terminate Control Corp.*, 28 F.3d at 1341 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). If so, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id*. This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

The court would also point out that generally, prior to engaging in the above analysis, plaintiff is required to show that he has been unsuccessful in attempting to find counsel on his own through the private sector or public interest firms. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (citing *Hodge*, 802 F.2d at 61). While such a showing has not been made in this case, the court will consider the substance of plaintiff's motion

### B.    Application

The court will assume for the purposes of this motion, that the case has substance.  Plaintiff has been able thus far to proceed quite well on his own.  He has been articulate and very determined in connection with various pretrial proceedings in his case.  He has participated in discovery conferences with the court and has succeeded in obtaining discovery on his own. (*See, e.g.,* Dkt. No. 122) (Court granted plaintiff's motion to compel in part).  He has been partially successful in numerous efforts to amend his complaint.  (*See, e.g.,* 9/6/2017 Decision and Order, Dkt. No. 91) (motion to file a fourth amended complaint granted in part). In his motion for appointment of counsel, plaintiff has filed a memorandum of law in which he makes arguments based specifically on the *Hodge* factors.  Thus, he is clearly familiar with case law.

The court does understand that, if the case should proceed to trial, plaintiff could be at a disadvantage presenting evidence and cross-examining witnesses.  Thus, if the case survives dispositive motions, and proceeds closer to a trial, the court will consider the appointment of counsel for purposes of trial preparation and trial.  Based on a review of the record and the proceedings in this case, this court finds that appointment

of counsel at this time would not be appropriate because discovery is now closed,[3] and the dispositive motion deadline has been set for May 11, 2018 (Dkt. No. 122).[4] If, and when, this case proceeds closer to trial, the court will likely hold a conference at which appointment of counsel and other matters regarding trial will be discussed. In addition, if counsel is appointed, then the attorney can assist plaintiff in deciding whether to seek to re-open discovery and seek the services of an expert, to the extent necessary and appropriate.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motions for the appointment of an expert witness and for appointment of counsel (Dkt. No. 123) are **DENIED WITHOUT PREJUDICE TO RENEWAL AT A LATER TIME AS DISCUSSED ABOVE**.

Dated: March 16, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[3] In my March 9, 2018 discovery order, I granted plaintiff's motion to compel in part, and held discovery open "only for the limited purpose of defendants complying with this order." (Dkt. No. 122). Thus, for plaintiff's purposes discovery is now closed.

[4] The court concludes that the plaintiff does not require the services of a dental expert, or pro bono counsel who might be able to procure such an expert, to address any dispositive motion. Plaintiff's only remaining civil rights claims assert that the surviving defendants were deliberately indifferent to plaintiff's serious dental needs, in violation of the Eighth Amendment. (See 9/6/2017 Decision and Order at 7-9, 12). Unlike a medical malpractice claim, which is **not** part of this action, an expert opinion is not critical in sustaining a viable Eighth Amendment medical care claim. Moreover, Judge D'Agostino has denied plaintiff's request to include claims based on the alleged failure of the defendants to follow the procedures of the DOCCS FHS1 Referral Creation and Clinic Scheduling System in connection with his dental care, (*Id*. at 9-11, 12), so an expert opinion regarding the defendants' compliance with that system would not be relevant.